## In the Matter of the Estate of MICHAEL HOPKINS, Deceased.

Surrogate's Court, Oneida County, July 15, 1931.

*Colegrove & Baker* [*E. C. Baker* of counsel], for the estate of decedent.

*Wager, Griffith & Wager* [*Edmund H. Wager* of counsel], for estate of Minnie H. Farrell Coulter.

*Rudd, Griffin & Penberthy*, for Nellie H. Foy and Annie H. LaVelle.

*Cross & Cross* [*Theodore Cross* of counsel], for Home for Aged Men and Couples.

*Joseph Hopkins*, for Ellen Hopkins and Mary E. Hopkins.

EVANS, S. This is a proceeding for the distribution of a fund of $3,000, of which the widow of the above-named testator had a life use under his will.

A determination of the persons entitled to the money requires a construction of two of its paragraphs.

" (2) I give, devise and bequeath unto my beloved wife Mary E. Hopkins, the interest, income and profits of $3000, which is to be invested by my executor and the interest, income and profit thereof to be collected by him each year, and in each year to be paid over and delivered to my said wife during her entire life."

" (8) The $3000, the use of which I have given to my beloved wife, at the time of her death together with all the rest, residue and remainder of my estate real and personal of every name and nature soever and wheresoever situate, I give, devise and bequeath to my brother, and half brothers and sisters, share and share alike, to have and to hold the same forever."

The testator died on January 25, 1904. He was survived by his widow, one brother, two half brothers and four half sisters.

By a decree of this court bearing date the 3d day of July, 1905, the brothers and sisters of the testator were directed to be paid their several shares of the residuary estate and satisfactions of said decree are on file.

These residuary legatees are now all dead, excepting two half sisters of the testator, Nellie H. Foy and Annie LaVelle, who claim ownership of the $3,000 fund to the exclusion of all others deriving any interest through the persons now deceased. The point involved is whether this fund did or did not vest at the death of the testator.

While it has no particular bearing on the issue, for the sake of clearness I think that the word " at " near the beginning of the 8th paragraph is a clerical error and should read *to* in order to make sense. The sisters mentioned contend that a trust was created and that vesting was postponed until the death of Mrs. Hopkins.

I am unable to assent to this view. A trust is composed of certain well-settled elements.

1. There must be a designated beneficiary.

2. There must be a designated trustee, who must not be a beneficiary.

3. There must be a fund or other property sufficiently identified to enable title thereto to pass to the trustee.

4. There must be the actual delivery of the property or legal assignment thereof to the trustee with the passing title to him as trustee.

There is no trustee mentioned and no evident intention of passing title to a trustee. There is a direct gift to the relatives mentioned.

Brothers and sisters of the whole or half blood, I think, cannot be regarded as a class as they are definite persons and to be distinguished from remote relatives.

This fund was merely a segregated portion of the property willed to the residuary legatees. It was their property subject to the use of a life tenant. The residuary estate, excepting this $3,000 fund, was divided. It seems improbable to me that the testator intended to adopt a different method of division of this fund.

The fact that the accounting party is designated as a trustee does not necessarily make it such or bind any one accordingly.

There are numerous cases holding that an executor may perform some duties usually associated with a trustee without becoming one.

I hold and decide that equal ownership of this fund of $3,000 vested in the same persons who shared in the residuary estate whose names are set forth in a decree of judicial settlement of this estate bearing date the 3d day of July, 1905, and payable to such persons as may be entitled thereto as their interest may appear.

Decreed accordingly.